IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:24-CV-00039-M-KS

BRYAN ANTHONY TURNER, )
)
    Plaintiff, )
)
v. ) ORDER
)
STATE OF NORTH CAROLINA )
PITT COUNTY, et al., )
)
    Defendants. )
_____ )

This matter comes before the court on the memorandum and recommendation (the "Recommendation") entered by Magistrate Judge Kimberly A. Swank in this case on June 3, 2024 [DE 7]. In the Recommendation, Judge Swank recommends that the Complaint be dismissed. DE 7 at 1, 4-6. In response, Plaintiff filed what is styled as an "Affidavit of Fact – Writ in the Nature of Discovery." DE 8 at 1 (all-caps typeset omitted).

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff's response to the Recommendation is challenging to decipher. *See* DE 8 at 2

(stating that he does not "CONSENT TO CHILD SUPPORT SLAVERY OF PRIVATE CORPORATIONS OPERATING ILLEGAL AGAINST MY UNALIENABLE RIGHTS OF FREEWILL CONSENT, AS MAN IS CREATED EQUAL IN THE IMAGE OF HIS UNIVERSAL GOD"), 3 (referencing Fair Debt Collection Practices Act, a statute not cited in the Complaint), 5 (demanding that "child support enforcement agency [] comply with the laws in accordance with the United States Constitution"), 6 (averring that any "[r]efusal to comply with this validation of debt is an intentional act of silence" that constitutes criminal fraud), 7 (ordering "the court and or defendants . . . [to] cease and desist collection of this alleged debt"). Even liberally construed, Plaintiff's filing does not raise any objection to the Recommendation. *See id.* at 1 (requesting that, "[i]f this court does not have jurisdiction over this matter[, the] matter with all prior evidence be submitted to the proper jurisdiction"). Accordingly, the court has reviewed the Recommendation for clear error, and finds none. *See Diamond*, 416 F.3d at 315. The court thus ADOPTS the Recommendation [DE 7] in full. Plaintiff's Complaint [DE 1] is DISMISSED. The Clerk of Court is directed to close this case.

SO ORDERED this 16th day of July, 2024.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE